IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANITA MIKITA,

        Plaintiff,

vs.

Case No. 07-1018-JTM

SALINA REGIONAL HEALTH CENTER, INC.,

        Defendant.

MEMORANDUM AND ORDER

      This is an action by plaintiff Anita Mikita against her former employer Salina Regional Health Center, Inc., ("SRHC") for alleged violations of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, the Kansas Wage Payment Act, and the common law of Kansas. SRHC has moved to dismiss Mikita's § 1983 claims, contending that she has not alleged sufficient facts establishing that it is a state actor for purposes of the statute.

      Mikita is a 48-year-old Hispanic female who is a licensed physician in the state of Kansas. Her complaint, filed on January 18, 2007, alleges she entered into an employment contract with SRHC on July 8, 2004. According to the complaint, during the time that she worked there, SRHC "renew/continued participation as a Federally qualified underserved site designated to serve the area in mental health." The complaint further alleges that SRHC "is a public or quasi-public entity and its actions constitute state action."

SRHC argues that dismissal is appropriate because the complaint does not demonstrate that it is a state actor, a necessary element of § 1983 claims. *See Tarabishi v. McAlester Regional Hosp.*, 827 F.2d 648, 651 (10th Cir. 1987). Makita responds to the motion by stating that it "ignores the need for further factual development." (Resp. at 3). Specifically, she stresses that

> SRHC is the only hospital in Salina, Kansas, a community of approximately 48,000 people. However, SRHC serves a much larger population base, as the nearest competing hospital is over 20 miles away. Presumably, SRHC received Hill-Burton funds in its construction. SRHC is subject to intricate state regulation and, no doubt, receives ongoing state funding. Further, it has not yet been ascertained whether SRHC is a public hospital.

(Id.)

The court will grant the motion to dismiss Counts I and II of the complaint. Dismissal must be used with reservation, but where it is clear that the alleged facts which plaintiff seeks to substantiate with additional discovery are still legally insufficient to support a claim, the remedy is not inappropriate. Even if Makita were to document the use of public funds to help build or operate the hospital, the Tenth Circuit has explicitly ruled that such support does not make a hospital a state actor for § 1983 purposes.

In *Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973), the court held that private hospitals do not become state actors within the meaning of § 1983 by the mere facts that they may receive governmental aid, are subject to governmental regulations, and may even benefit from a local monopoly. *See Loh-Seng Yo v. Cibola General Hospital*, 706 F.2d 306, 308 (10th Cir. 1983). Hospitals are state actors only where they are essentially owned by a governmental entity. *See Tarabishi,* 827 F.2d at 652 (hospital could be deemed state actor since it was created as a public trust hospital under state law and thus was effectively a governmental entity). The allegations which

might require discovery to support — relating to state funding and regulation — are allegations which are clearly insufficient as a matter of law to support plaintiff's § 1983 claims.  The remaining suggestion — that SRHC is a public hospital — is not a matter which should require any significant discovery and need not delay the court.  Were SRHC indeed publicly-owned, this would be a fact openly and extensively documented in the public record.  The plaintiff makes no effort to show that such a status actually exists, or why additional discovery should be required to document a matter otherwise so readily ascertainable.

IT IS ACCORDINGLY ORDERED this 26th day of April, 2007, that the defendant's Motion to Dismiss (Dkt. No. 7) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
